Susan S.Q. Kalra, CA SBN 167940
MAHAMEDI IP LAW LLP
1055 West 7th Street, Suite 3300
Telephone: (213) 433-5960
Fax: (408) 236-6641
Email: susan@m-iplaw.com

William P. Ramey, III (*pro hac vice pending*)
RAMEY & SCHWALLER LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

Attorneys for Defendant
Atlantic Medical Products, LLC
(d/b/a Scar Heal)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| BEI JING HAN TONG SAN KUN KE JI YOU XIAN GONG SI (a/k/a HemaTone Bejing Science Technology Ltd.), a Chinese corporation<br><br>Plaintiff<br><br>v.<br><br>ATLANTIC MEDICAL PRODUCTS, LLC (d/b/a Scar Heal), a Florida limited liability company; TRADEMARK COSMETICS, INC., a California corporation; and DOES 1-100 Inclusive,<br><br>Defendants | **Case No.: 5:20-cv-01625 MCS-SHK**<br><br>**AMENDED NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR TO TRANSFER TO MIDDLE DISTRICT OF FLORIDA**<br><br>**Jury Demanded**<br><br>Hearing Date: December 7, 2020<br><br>Hearing Time: 9:00 a.m.<br><br>Courtroom: 7C<br><br>Honorable Mark C. Scarsi |

1

## AMENDED NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR TO TRANSFER TO MIDDLE DISTRICT OF FLORIDA

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on December 7, 2020, in the Courtroom of the Honorable Mark C. Scarsi of the United States District Court for the Central District of California, Courtroom 7C, located at 350 West 1st Street, Los Angeles, California 90012 at 9:00 a.m. or as soon thereafter as the matter may be heard, Defendant Atlantic Medical Products, LLC (d/b/a Scar Heal) ("AMP") will move this Court for an order dismissing Plaintiff Bei Jing Han Tong San Kun Ke Ji You Xian Gong Si's (a/k/a HemaTone Beijing Science Technology Ltd.) ("HemaTone") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) & (3) or, in the alternative, to transfer this action pursuant to 28 U.S.C. § 1404(a) and § 1406(a) to the United States District Court for the Middle District of Florida, Tampa Division.

This motion is made on the grounds that HemaTone cannot establish either general or specific jurisdiction over AMP, which is a Tampa, Florida based limited liability company that has no offices or employees in California, and does not conduct major business in California.  The acts HemaTone complains of arise out of AMP's contacts in Florida, not California.  HemaTone will thus be unable to establish that AMP is "essentially at home" in California, that AMP satisfies the "purposeful direction" analysis, or that its claims "arise out of or relate to" AMP's meager

1

activities in California.

Next, venue is not appropriate in this District under 28 U.S.C. § 1391 (b)(1). AMP is a resident of Florida, not California. Furthermore, the "events or omissions giving rise to the claim" would have occurred in China, where AMP's products were purchased by its customers - not California.

In addition, venue in this District is improper with respect to HemaTone's common law and state law claims because in large part the acts complained of did not take place in this District, and other than HemaTone's contract-related allegations based on AMP's contacts with a non-party to the HemaTone/Scar Heal contract, there is no connection between this District and the breach claims.

Because venue is improper, the case should be dismissed pursuant to 28 U.S.C. § 1406(a).

In the alternative, the case should be transferred to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1404(a) and § 1406(a). Transfer to a forum where personal jurisdiction over AMP is certain, and where the factors courts in the Ninth Circuit consider weigh in favor of a transfer, furthers the interests of justice and the convenience of the parties and witnesses.

This motion is based on this notice of motion and motion, the memorandum of points and authorities, the Declarations of Thomas Christenberry and David Ryngler, the files and records in this action; and such further evidence, argument and

1   authorities as may be presented to the Court prior to or at the hearing of this motion.

2   Dated: November 3, 2020                    Respectfully submitted,

3                                              MAHAMEDI IP LAW LLP

4

5                                              /s/ Susan S.Q. Kalra
                                               Susan S.Q. Kalra
6                                              1055 West 7th Street, Suite 3300
                                               Telephone: (213) 433-5960
7                                              Fax: (408) 236-6641
                                               Email: susan@m-iplaw.com

8

9                                              RAMEY & SCHWALLER LLP

10

11                                             /s/ William P. Ramey, III
                                               William P. Ramey, III (*pending pro hac vice*)
12                                             5020 Montrose Blvd., Suite 800
                                               Houston, Texas 77006
13                                             Telephone: (713) 426-3923
                                               Fax: (832) 689-9175
                                               Email: wramey@rameyfirm.com

14

15                                             ***Attorneys for Defendant Atlantic Medical
                                               Products, LLC (d/b/a Scar Heal)***

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# <u>Table of Contents</u>

TABLE OF AUTHORITIES ................................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

LEGAL STANDARDS AND ARGUMENT .............................................................2

I.    THE CENTRAL DISTRICT OF CALIFORNIA DOES NOT HAVE PERSONAL JURISDICTION OVER AMP. ...........................2

II.    VENUE IS NOT PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA. ...........................................5

III.    ALTERNATIVELY, TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA IS APPROPRIATE FOR CONVENIENCE. ...........................................10

Factor 1 – Location Where Relevant Agreements Were Negotiated And Executed ...........................................10

Factor 2 – State That Is Most Familiar With The Governing Law .....11

Factor 3 – The Plaintiff's Choice Of Forum ........................................11

Factor 4 – The Respective Parties Contacts With The Forum...........12

Factor 5 -- Contacts Relating To The Plaintiff's Cause Of Action In The Chosen Forum ...............................13

Factor 6 -- The Differences In The Costs Of Litigation In The Two Forums.........................................................13

Factor 7 – Availability Of Compulsory Process To Compel Attendance Of Unwilling Non-Party Witnesses ...................14

Factor 8 – Ease Of Access To Sources Of Proof................................14

IV.    TCI CANNOT BE LIABLE FOR TRADEMARK INFRINGEMENT.........................................................15

CONCLUSION...................................................................................................16

CERTIFICATE OF CONFERENCE ..................................................................17

CERTIFICATE OF SERVICE ...........................................................................17

i

# TABLE OF AUTHORITIES

## Cases

*Allstar Mktg. Group, LLC v. Your Store Online, LLC*,
    666 F. Supp. 2d 1109 (C.D. Cal. 2009)..........................................................5, 7

*Alpha GRP, Inc. v. Subaru of Am., Inc.*,
    CV 18-2133-MWF (MRWx), 2018 U.S. Dist. LEXIS 225914
    (C.D. Cal. June 8, 2018)...............................................................................8

*Avery Dennison Corp. v. Sumpton*,
    189 F.3d 868 (9th Cir. 1989)..................................................................13, 15

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)......................................................................................5

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011).................................................................2, 3

*DIRECTV, Inc. v. EQ Stuff, Inc.*,
    207 F. Supp. 2d 1077 (C.D. Cal. 2002).......................................................13

*Geo. M. Martin Co. v. Royal Ins. Co. of Am.*,
    No. C 03-5859 SI, 2004 U.S. Dist. LEXIS 8927
    (N.D. Cal. May 14, 2004).............................................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011) ................................................................................3

*Inherent.com v. Martindale-Hubbell*,
    420 F. Supp. 2d 1093 (N.D. Cal. 2006) ......................................................11

*Interstellar Starship Servs., Ltd. v. Epix, Inc.*,
    304 F.3d 936 (9th Cir. 2002).................................................................12, 15

*Italian Colors Rest. v. Am. Express Co.*,
    No. CV 03-3719 SI, 2003 U.S. Dist. LEXIS 20338,
    2003 WL 22682482
    (N.D. Cal. Nov. 10, 2003)............................................................................13

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000)........................................................................10

*MSP Recovery Claims, Series LLC v. Farmers Ins. Exch.*,
    2:17-cv-02522-CAS (PLAx), 2018 U.S. Dist. LEXIS 221653
    (C.D. Cal. Aug. 13, 2018) ............................................................................9

*Murphy v. Schneider Nat'l Inc.*,
    362 F.3d 1133 (9th Cir. 2004).......................................................................6

*Niagra Bottling, LLC v. Orion Packaging Sys. LLC*,
    No. EDCV 12-00498 VAP, 2012 U.S. Dist. LEXIS 68528
    (C.D. Cal. May 14, 2012).............................................................................9

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979) .................................................................. 6

*Reflex Media, Inc. v. Successfulmatch.com*,
   2:18-cv-00259-GMN-GWF, 2019 U.S. Dist. LEXIS 39180
   (D. Nev. Mar. 11, 2019) ....................................................................... 4

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ........................................................ 3, 4, 5

*Securities Investor Protection Corp. v. Vigman*,
   764 F.2d 1309 (9th Cir. 1985) .............................................................. 11

*Vachani v. Yakovlev*,
   15-cv-04296-LB, 2017 U.S. Dist. LEXIS 103677
   (N.D. Cal. July 5, 2017) ....................................................................... 4

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ............................................................................. 10

**Statutes**

15 U.S.C. § 1114 ........................................................................................ 1

28 U.S.C. § 1391 ............................................................................... 6, 8, 9

28 U.S.C. § 1404 ..................................................................................... 10

28 U.S.C. §1406 ................................................................................... 6, 9

**Other Authorities**

https://www.cdc.gov/coronavirus/2019-ncov/travelers/from-other-
   countries.html ..................................................................................... 14

**Rules**

Fed. R. Civ. P. 12 ........................................................................ 1, 6, 9, 16

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 12(b)(2) & (3), 28 U.S.C. § 1406(a) and § 1404(a), Defendant Atlantic Medical Products LLC ("AMP") respectfully moves that the Court dismiss this action for lack of personal jurisdiction, improper venue, or, alternatively, transfer the action to the United States District Court for the Middle District of Florida, Tampa Division.  In support of its motion, Defendant states as follows:

## INTRODUCTION AND FACTS

On August 12, 2020, Plaintiff Bei Jing Han Tong San Kun Ke Ji You Xian Gong Si (a/k/a HemaTone Beijing Science Technology Ltd.) ("HemaTone" or "Plaintiff") filed this action seeking damages and injunctive relief for trademark infringement and related claims under 15 U.S.C. § 1114(1).[1]  It is undisputed that Defendant AMP is a Florida limited liability company with a principal place of business at 1402 W. Swann Ave., Tampa, FL 33606.  AMP specializes in silicone-based scar treatment products, including silicone sheets, creams, and gels.[2]  The particular products at issue here are marketed by AMP under the Scar Heal brand and include:  Scar Fx® Silicone Sheeting, Scar Esthetique ® Scar Crème, and RejuvaSil® Scar Gel products (collectively "Disputed Trademarks").[3]

---

[1]   Defendant AMP accepted service on October 9, 2020.
[2]   Declaration of Chris Christenberry ("Christenberry Decl.") at ¶3.
[3]   *Id*. at ¶7.

1

In June 2013, the HemaTone Beijing Corp. entity owned wholly by Mr. Fujun Yu entered into a Distribution Agreement with a previous entity, Scar Heal, Inc.[4] Later, in December 1, 2016, AMP purchased the assets of Scar Heal Inc., including all of Scar Heal Inc.'s trademarks and distributor agreements such as the HemaTone 2013 agreement.[5]  The Distribution Agreement provided  HemaTone with clear enumerated rights and responsibilities in exchange for a distributorship of Scar Heal's products, including the use of Scar Heal's trademarks, mentioned above.[6]

For purposes of this Motion, it is unnecessary at this time to describe all of HemaTone's failures to perform under the Distribution Agreement or to explain how HemaTone's pled causes of action are without merit.  For now, suffice it to say, what is important is that the Central District of California does not have personal jurisdiction over AMP and is not a district of proper venue, resulting in the case being dismissed or, alternatively, transferred to the U.S. District Court for the Middle District of Florida, where it could have been brought.

## LEGAL STANDARDS AND ARGUMENT

### I.   THE CENTRAL DISTRICT OF CALIFORNIA DOES NOT HAVE PERSONAL JURISDICTION OVER AMP.

A defendant must be subject to the personal jurisdiction of the Court, and that

---

[4]  *Id.*
[5]  *See* Christenberry Decl. at ¶11, Ex. 1, Distribution Agreement.
[6]  *Id.* at ¶7.

jurisdiction may be either general or specific.[7]  General jurisdiction applies only when a defendant's contacts are so pervasive that it would be fair to subject it to suit in the district for the defendant's conduct anywhere in the world.[8]  In other words, "[a] court may assert general jurisdiction over foreign (sister-state or foreign country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[9]

In this case, there is no credible evidence that AMP is so at home in California that it would be fair to subject it to suit here for its conduct anywhere in the world. AMP has no offices or employees in California.[10]  AMP conducts no major business in California.[11]  AMP's only significant business contact in California is its occasional employment of a contract manufacturer, TCI, to fill tubes of AMP's scar healing gels and creams.[12]  This is nothing more than "a few discrete acts over a relatively short period of time," and it should not be enough to establish general personal jurisdiction.[13]  HemaTone presented no other evidence of California contacts.  Thus, AMP is not subject to general personal jurisdiction in California.

---

[7]  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074-75 (9th Cir. 2011); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-02 (9th Cir. 2004).

[8]  *Schwarzenegger*, 374 F.3d at 801.

[9]  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

[10]  Christenberry Decl. at ¶4.

[11]  Christenberry Decl. at ¶6.

[12]  Christenberry Decl. at ¶5

[13]  *CollegeSource*, 653 F.3d at 1074-75.

Specific jurisdiction applies when the defendant has sufficient "minimum contacts" with the state arising out of, or related to, the dispute.[14]  In the Ninth Circuit, specific jurisdiction is analyzed under a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.[15]

While AMP did purposefully transact business with TCI in California (the contract filling of product tubes), that business transaction has nothing to do with, i.e. the claim does not arise out of or relate to, HemaTone's causes of action in this case.[16] AMP and TCI are not affiliates, but even if they were, "such third-party action is not enough to establish personal jurisdiction."[17]

Nor does this action arise out of or relate to AMP's meager activities in California.  This action arises out of AMP's contacts in Florida.  AMP did not expressly aim any customer consideration of the Si Fu King mark in California.[18]

---

[14]  *Id*. at 1075.

[15]  *Schwarzenegger*, 374 F.3d at 802.

[16]  *Reflex Media, Inc. v. Successfulmatch.com*, 2:18-cv-00259-GMN-GWF, 2019 U.S. Dist. LEXIS 39180 at *7-8 (D. Nev. Mar. 11, 2019) (specific jurisdiction cannot be conferred by third party actions).

[17]  *Id*. at *10.

[18]  *Vachani v. Yakovlev*, 15-cv-04296-LB, 2017 U.S. Dist. LEXIS 103677 at *3-5 (N.D. Cal. July 5, 2017) (bare knowledge of residence cannot alone support specific personal jurisdiction).

The third prong of the specific jurisdiction test does not come into consideration as HemaTone's allegations fail the first two.[19]

Accordingly, there are insufficient contacts to justify the exercise of specific jurisdiction in this case over AMP.

## II.   VENUE IS NOT PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA.

A defendant, such as AMP, may raise a defense of improper venue by motion under Federal Rule of Civil Procedure 12(b)(3).  28 U.S.C. § 1391(b) governs the determination of whether venue is proper in cases such as this, and there are three bases for finding proper venue:

"A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

"When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim."[20]

---

[19]  *Schwarzenegger*, 374 F.3d at 801-02; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-478 (1985).

[20]  *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126

When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[21]  The plaintiff bears the burden to show that venue is proper.[22]  In the context of a Rule 12(b)(3) motion, the Court need not accept as true all allegations in the complaint, but may consider facts outside the pleadings.[23]

Under 28 U.S.C. § 1391(b)(1), venue cannot be appropriate in this district because AMP is admittedly a resident of Florida, not California.[24]  Moreover, AMP is not subject to personal jurisdiction under the facts of this case in this district, as described above.  Thus, AMP cannot be said to "reside" in this district under 28 U.S.C. § 1391(c)(2).[25]  Hence, venue is not proper under 28 U.S.C. § 1391(b)(1).

Next, for the analysis of venue under 28 U.S.C. § 1391(b)(2), the alleged "events or omissions giving rise to the claim" would have occurred in China, not this district.[26]  The only activity in California that HemaTone points to is the manufacturing of creams and gels in California by a separate company, TCI, on a

---

(C.D. Cal. 2009).

[21]  28 U.S.C. §1406(a).

[22]  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California.").

[23]  *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

[24]  Christenberry Decl. at ¶¶ 3-4.

[25]  28 U.S.C. § 1391(c)(2) ("an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").

[26]  HemaTone's Original Complaint ("ECF No. 1") at ¶¶22-32 (alleging sales and marketing of accused products in China, not California).

strict contract basis.[27]  This activity is not relevant to establish whether the "substantial part" of the events giving rise to trademark claims, such as those HemaTone brings here, occurred in this district.[28]  Rather, the "substantial part" occurs "in any district where consumers are likely to be confused by the accused goods."[29]  More specifically, "in cases involving trademark and unfair competition, the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendants' product in the belief that he is buying the plaintiff's."[30]  Here, HemaTone is relying on the place where the product was manufactured and the tubes filled (California), not the place where the customer bought the product (China), and thus these facts do not follow the rule from *Allstar*. It is critical to note that AMP shipped tubes with labelling already affixed to TCI where the already labelled tubes are filled by TCI.[31]  Once filled, TCI ships the tubes back to AMP.[32]  AMP then ships the product to its customers in China, from its office in Florida.[33]

---

[27]  ECF No. 1 at ¶¶27(k), 30 ("Following HemaTone's placement of an order, [AMP] would communicate HemaTone's order to its California-based manufacturer, Defendant TCI").

[28]  *Allstar Mktg. Group*, 666 F. Supp. 2d at 1128.

[29]  *Id*.

[30]  *Id*.

[31]  Christenberry Decl. at ¶5; Declaration of David Ryngler ("Ryngler Decl.") at ¶5.

[32]  Christenberry Decl. at ¶5; Ryngler Decl. at ¶6.

[33]  Christenberry Decl. at ¶6.

Further, AMP absolutely does not sell a product with the disputed Si Fu Kang mark in this district.[34]  Nor did HemaTone allege that AMP sells a product with the disputed Si Fu Kang mark in this district.  Hence, venue is not proper under 28 U.S.C. § 1391(b)(2) for the trademark claims.

Regarding HemaTone's contract claims, in analyzing whether a plaintiff's chosen venue is proper, courts "look to factors such as the locations where negotiations occurred, the place where the contract was intended to be performed, and the place where the alleged breach occurred."[35]  Here, the breach claims are directed to a Distribution Agreement between AMP's predecessor for distribution of scar healing gels and creams in China.[36]  The Distribution Agreement was not negotiated in California, nor did it require performance in California.[37]  None of the events that HemaTone points to as contributing to the breach claims occurred in California.[38]  Instead, the Distribution Agreement was negotiated between the predecessor to AMP, a corporation located in Florida, and HemaTone, located in China.[39]  Performance would largely occur by the distribution of scar healing gel and cream products from AMP's office in Florida to China.[40]  Other than a Californian third party contract

---

[34]   Christenberry Decl. at ¶5.

[35]   *Alpha GRP, Inc. v. Subaru of Am., Inc.*, CV 18-2133-MWF (MRWx), 2018 U.S. Dist. LEXIS 225914 at *23-24 (C.D. Cal. June 8, 2018)

[36]   ECF No. 1 at ¶¶22-32.

[37]   Christenberry Decl. at ¶¶ 5-6.

[38]   ECF No. 1 at ¶¶99-119.

[39]   Christenberry Decl. at ¶7.

[40]   *Id*. ; Ex. 1, Distribution Agreement at 1 ("Whereas, Company [AMP] desires to

manufacturer of the cream and filler of the tubes—TCI—there is no connection between the district and the breach actions.[41]  Accordingly, venue is not proper under 28 U.S.C. § 1391(b)(2) for the contract claims either.

Finally, under 28 U.S.C. § 1391(b)(3), this case could have been brought in the Middle District of Florida, as AMP is a resident of that district and a substantial part of the events at issue occurred in that district.  As described above, AMP is not subject to personal jurisdiction in this district.  Thus, it is not a resident of this district for venue purposes.[42]  Also, a substantial part of the events at issue did not occur in this district.  So, this district is not one where venue would be proper for both AMP and TCI, and, under other circumstances, one might look to the fallback venue provision of 28 U.S.C. § 1391(b)(3).  But, since the Middle District of Florida *is a district where venue would be proper* against both AMP and TCI in a single action, the fallback provision of 28 U.S.C. § 1391(b)(3) is not available to HemaTone.[43]

Accordingly, this district is an improper venue, and the Court should dismiss for that reason under Rule 12(b)(3) and 28 U.S.C. § 1406(a).

---

grant Distributor and Distributor desires to secure from Company, a license to represent, market and distribute the Products in the territory of the Peoples Republic of China").

[41]  Christenberry Decl. at ¶8.

[42]  28 U.S.C. § 1391(c)(2).

[43]  *MSP Recovery Claims, Series LLC v. Farmers Ins. Exch.*, 2:17-cv-02522-CAS (PLAx), 2018 U.S. Dist. LEXIS 221653 at *27 (C.D. Cal. Aug. 13, 2018); *Niagra Bottling, LLC v. Orion Packaging Sys. LLC*, No. EDCV 12-00498 VAP, 2012 U.S. Dist. LEXIS 68528 at *18 (C.D. Cal. May 14, 2012) ("If, and only if, there is no other district in which venue is proper as to both NPS and Orion, Niagara can establish venue in this district if the Court has personal jurisdiction over either NPS or Orion").

## III.   ALTERNATIVELY, TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA IS APPROPRIATE FOR CONVENIENCE.

If the Court elects not to dismiss this case, it should transfer it to the Middle District of Florida.  28 U.S.C. § 1404(a) provides that a court, "for the convenience of parties and witnesses, in the interest of justice, . . . may transfer any civil action to a district or division where it might have been brought."[44]  The purpose of the section is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."[45]   In the Ninth Circuit, the Court must weigh multiple public and private factors in determining whether transfer is appropriate.[46]  The Court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.   Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis. We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.[47]

### Factor 1 – Location Where Relevant Agreements Were Negotiated And Executed

The key relevant agreement in this dispute is the 2013 Distribution Agreement

---

[44]  28 U.S.C. § 1404(a).

[45]  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

[46]  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

[47]  *Id.*

10

(the "DA") between HemaTone and Scar Heal, Inc.[48]   Although AMP and its personnel were not involved in the DA's negotiation and execution, HemaTone—in China—and Scar Heal—in Largo, Florida—negotiated and executed it.[49]  Thus, this factor supports transfer.

### Factor 2 – State That Is Most Familiar With The Governing Law

The DA states that "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of Florida, United States of America."[50]  Seeing as Florida is the state that is most familiar with Florida law, this factor supports transfer.

### Factor 3 – The Plaintiff's Choice Of Forum

Generally, the plaintiff's choice of forum is given "substantial weight."[51]  However, that deference is "substantially reduced" when the forum lacks a "significant connection to the activities alleged in the complaint."[52]  That is the case here where none of the significant activities underlying the Distribution Agreement and the Parties performance under it occurred in the Central District of California.[53]

---

[48] Ex. 1.

[49] *Id*. at 1.

[50] *Id*. at 8.

[51] *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985).

[52] *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006).

[53] Christenberry Decl. at ¶s 4-8; *Geo. M. Martin Co. v. Royal Ins. Co. of Am.*, No. C 03-5859 SI, 2004 U.S. Dist. LEXIS 8927 at *6-7 (N.D. Cal. May 14, 2004) (finding the choice of forum factor to weigh in favor of transfer despite plaintiff headquartered in chosen forum).

Defendant AMP is not involved in California[54]—HemaTone does not even allege that it is.[55]  Moreover, Defendant TCI—the California entity HemaTone tacked on to the case in an improper attempt to establish California venue—is not a party to the DA.[56]  In fact, HemaTone's complaint merely describes TCI as the manufacturer that manufactures products *only at the direction of* Defendant AMP.[57]  Thus, this factor weighs in favor of transfer.

## Factor 4 – The Respective Parties Contacts With The Forum

HemaTone operates out of Beijing, China.[58]  It does not allege having U.S. offices, let alone in California.[59]  As described previously, Defendant AMP, which is the only other significant party in this dispute, is headquartered in Tampa, Florida.[60]  AMP has no offices, employees, or documents in California.[61]  The only connection between AMP and California raised by HemaTone is that AMP uses TCI as a contract manufacturer to fill its product tubes.[62]  As a contract manufacturer, TCI never uses in commerce any HemaTone mark in the sale of any good or service, and, thus, cannot be liable for trademark infringement alleged by HemaTone.[63]  Thus, TCI is an

---

[54]  See Christenberry Decl. at ¶4.
[55]  ECF No. 1.
[56]  Christenberry Decl. at ¶7.
[57]  ECF No. 1 at ¶¶ 27(k); 27(l); 30.
[58]  ECF No. 1 at ¶9.
[59]  *See generally id*.
[60]  Christenberry Decl. at ¶3.
[61]  *Id*. at ¶4.
[62]  *Id*. at ¶5.
[63]  15 U.S.C. § 1114(1)(a); *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d

improper party.  But even if the contacts between TCI and California were counted, on balance this factor favors transfer because the key parties—HemaTone and AMP—have *no* contacts with California.

### Factor 5 -- Contacts Relating To The Plaintiff's Cause Of Action In The Chosen Forum

Again, the communications between AMP and HemaTone relating to each Party's performance under the DA and the decisions relating to what marks and packaging were used on the Scar Heal products were made in Florida and China, not California.[64]  California has no contacts relating to HemaTone's allegations in its cause of action, except as the location for AMP's contract manufacturer TCI who simply did as it was told.[65]  Thus, this factor favors transfer.

### Factor 6 -- The Differences In The Costs Of Litigation In The Two Forums

This factor looks to whether there is an actual cost savings from the transfer to the other forum and not mere shifting of the costs between parties.[66]  Typically, this includes consideration of witnesses' locations to compare the cost of litigating in each forum.[67]

---

936, 946 (9th Cir. 2002); *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 881 (9th Cir. 1989).

[64]  *See generally* ECF. No. 1; Christenberry Decl. at ¶¶ 4-5.

[65]  ECF. No. 1 at ¶¶ 27(k); 27(l); 30.

[66]  *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002).

[67]  *Italian Colors Rest. v. Am. Express Co.*, No. CV 03-3719 SI, 2003 U.S. Dist. LEXIS 20338, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003) ("Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions.").

Here, all of AMP's witnesses and documents relating to performance under the DA and decision making about packaging and marking the Scar Heal products are located in Florida, not California.[68]   Thus, the cost of litigating, from AMP's perspective, in Florida is less.

HemaTone has no witnesses or documents in California, so the effect of transferring from California to Florida will be inconsequential.   Moreover, HemaTone's witnesses are located in China, and travel from China to the U.S. is currently prohibited barring an exception (which likely does not apply in this case).[69] As such, transfer would have no cost impact on HemaTone.  Even considering any travel restrictions are loosened, the relative difference in costs of transporting witnesses and documents from China to the Central District of California or from China to the Central District of Florida are insubstantial.

Thus, this factor favors transfer.

**Factor 7 – Availability Of Compulsory Process To Compel Attendance Of Unwilling Non-Party Witnesses**

At this juncture it does not appear the Parties are relying on unwilling non-party witnesses to provide evidence in this case.  Accordingly, this factor is neutral.

**Factor 8 – Ease Of Access To Sources Of Proof**

Again, all of AMP's witnesses and documents are located in Florida, not

---

[68]   Christenberry Decl. at ¶s4-5.

[69]   https://www.cdc.gov/coronavirus/2019-ncov/travelers/from-other-countries.html.

California.[70] Hence, the ease of access to sources of proof regarding the AMP portion of the case, which is the overwhelming portion of the case, favors transfer to Florida.

## IV. TCI CANNOT BE LIABLE FOR TRADEMARK INFRINGEMENT

While TCI is located in California, it is not a proper party because it is merely a contract manufacturer. As a contract manufacturer, TCI never uses in commerce any HemaTone mark in the sale of any good or service and, thus, cannot be liable for trademark infringement.[71] The Ninth Circuit requires a showing that a trademark is used in commercial activity in order to establish the likelihood of confusion in the customer to justify a finding of trademark infringement.[72] HemaTone will not be able to make that showing with respect to TCI. TCI manufactures medical products for AMP, but does not manufacture or source the tubes, bottles, jars, or unit cartons for AMP.[73] TCI does not label or mark any AMP products.[74] TCI is not involved in the design of any label or marking for AMP products.[75] TCI was never involved in marking or labeling any product with the so called Si Fu Kang marking.[76] Accordingly, TCI will not be a significant source of witnesses and evidence in this matter. Thus, even with TCI's involvement in this case (TCI should not be involved),

---

[70]  Christenberry Decl. at ¶s 4-5.

[71]  15 U.S.C. § 1114(1)(a).

[72]  *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 946 (9th Cir. 2002); *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 881 (9th Cir. 1989).

[73]  Christenberry Decl. at ¶¶ 4-5.

[74]  Christenberry Decl. at ¶¶ 4-5.

[75]  Christenberry Decl. at ¶¶ 4-5.

[76]  Christenberry Decl. at ¶¶ 4-5.

this factor favors transfer.

To recap, each of the above eight factors considered by the Ninth Circuit in deciding motion to transfer favors transfer except for one which is neutral. Accordingly, the case should be transferred to the U.S. District Court for the Middle District of Florida.

## CONCLUSION

For all of the above reasons, the Court should dismiss the case for improper venue, lack of personal jurisdiction, or transfer to the Middle District of Florida. AMP reserves the right to answer should the Court deny its Motion under Rule 12(b)(2) or (3) under the Federal Rules of Civil Procedure.

Dated: November 3, 2020                    Respectfully submitted,

MAHAMEDI IP LAW LLP

/s/ Susan S.Q. Kalra
Susan S.Q. Kalra
1055 West 7th Street, Suite 3300
Telephone: (213) 433-5960
Fax: (408) 236-6641
Email: susan@m-iplaw.com

RAMEY & SCHWALLER LLP

/s/ William P. Ramey, III
William P. Ramey, III (*pending pro hac vice*)
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

***Attorneys for Defendant Atlantic Medical Products, LLC (d/b/a Scar Heal)***

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Plaintiff via letters of August 24, 2020, September 1, 2020, and September 22, 2020 and again by phone on October 29, 2020 to discuss the issues of the case and venue.  No agreement could be reached.  This motion is made following the conference of counsel pursuant to L.R.7-3.

/s/ William P. Ramey, III
William P. Ramey, III

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served today, November 3, 2020, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III